656 P.2d 597

**David J. RYAN and Helen Ryan, husband and wife, Plaintiffs-Appellants,**

v.

**STATE of Arizona, a body politic; John Moran, individually and as director of the Arizona Department of Corrections; John Kohl, individually and as director of the Arizona Youth Center, Defendants-Appellees.**

No. 16122–PR.

Supreme Court of Arizona,
En Banc.

Dec. 17, 1982.

Langerman, Begam, Lewis and Marks by Noel Fidel and Frank Lewis, Phoenix, for plaintiffs-appellants.

Robert K. Corbin, Atty. Gen., James A. Teilborg, Nicholas T. Adrahtas, David S. Shughart, II, and William R. Jones, Jr., Sp. Asst. Attys. Gen., Phoenix, for defendants-appellees.

HAYS, Justice.

The Supreme Court granted a petition for review of an opinion affirming the trial court which had granted a summary judgment in favor of the State of Arizona and individual defendants. The Court has jurisdiction pursuant to A.R.S. § 12–120.24. The opinion of the Court of Appeals, 1 CA–CIV 5242, is vacated, 134 Ariz.App. 327, 656 P.2d 616.

The facts upon which this litigation is based concern a 17-year-old inmate, John Myers, who escaped from custody at the Arizona Youth Center. After his escape, Myers engaged in the robbery of a convenience market and shot David J. Ryan at point-blank range with a sawed-off shotgun. *See State v. Myers,* 117 Ariz. 79, 570 P.2d 1252 (1977), for details. Ryan, the victim, sustained serious and permanent injuries.

In the complaint for damages, Ryan alleges that the state and the individual defendants were both negligent and grossly negligent in their supervision of Myers who had a long history of criminal behavior and three previous escapes from the Department of Corrections.

The state and the individual defendants moved for summary judgment on the basis that the allegations of the complaint do not give rise to a duty to the plaintiff individually; the duty which arises is to the public as a whole. The trial court granted the

motion and the Court of Appeals, in a two-to-one decision, affirmed.

The Supreme Court granted the appellants' petition for review, and departing from precedent, ordered additional memoranda and oral argument on the following questions:

> Should the Supreme Court abandon the doctrine adopted in *Massengill v. Yuma County,* 104 Ariz. 518, 456 P.2d 376 (1969)?
>
> If so, what limitations if any should be imposed on governmental liability for the acts of its agents?

We are well aware that some of the inconsistencies in our previous opinions in this area of law have made the task of the lower courts more difficult. A full resolution of the many questions in a broad sweeping opinion is also fraught with danger. However, a return to *Stone v. Arizona Highway Comm'n,* 93 Ariz. 384, 381 P.2d 107 (1963), would make a good starting point. The Court in that opinion said:

> "[T]he substantive defense of governmental immunity is now abolished not only for the instant case, but for all other pending cases, those not yet filed which are not barred by the statute of limitations and all future causes of action. All previous decisions to the contrary are overruled.
>
> "There is perhaps no doctrine more firmly established than the principle that liability follows tortious wrongdoing; that where negligence is the proximate cause of injury, the rule is liability and immunity is the exception...."

93 Ariz. at 392, 381 P.2d 107.

It can be said that in subsequent cases we have not always been true to the spirit of the Stone decision that *"the rule is liability and immunity is the exception."* (Emphasis added).

Here, the appellee-respondents urge that governmental immunity should continue in those instances where the services provided are uniquely governmental in nature. This is the old proprietary-governmental distinction in a bright new word-package. It is not within the spirit of *Stone.*

We are also told that not only will the public treasury suffer but government will come to a standstill because its agents will be afraid to act. We can't but recall the dire predictions attendant to the publication of the Stone decision. Arizona survived!

In *Ruth v. Rhodes,* 66 Ariz. 129, 185 P.2d 304 (1947), a state highway patrol officer was sued in tort for damages caused by his alleged negligence. The officer, when responding to a call, struck the truck in which plaintiff was riding. A jury returned a verdict for the plaintiff and the resulting judgment was affirmed. In affirming, our Supreme Court quoted from *Florio v. Schmolz,* 101 N.J.L. (16 Gummere) 535, 129 A. 470, 40 A.L.R. 1353:

> "We think that a sound public policy requires that public officers and employees shall be held accountable for their negligent acts in the performance of their official duties to those who suffer injury by reason of their misconduct. Public office or employment should not be made a shield to protect careless public officials from the consequences of their misfeasances in the performance of their public duties."

66 Ariz. at 133, 185 P.2d 304.

Even though *Ruth* came down in 1947, sixteen years before *Stone,* law enforcement officers continue to perform their duties.

It is quite apparent that the legislature has given consideration to the problems with which we are here concerned. We set forth below some of the pertinent portions in A.R.S. § 41–621, the Risk Management Act:

> A. The department of administration shall obtain insurance against loss, to the extent it is determined necessary and in the best interests of the state as provided in subsection C of this section, on the following:
>
> . . . .
>
> 3. The state and its departments, agencies, boards and commissions and all officers, agents and employees thereof, against liability for acts or omissions of any nature while acting in authorized

governmental or proprietary capacities and in the course and scope of employment or authorization except as prescribed by this chapter.

. . . .

G. A state officer, agent or employee, except as otherwise provided by statute, is not personally liable for an injury or damage resulting from his act or omission in a public official capacity where the act or omission was the result of the exercise of the discretion vested in him if the exercise of the discretion was done in good faith without wanton disregard of his statutory duties.

An examination of the statute cited above readily brings forth the conclusion that the legislature recognized that the state is liable for the negligent acts of its agents, whether acting in a governmental or proprietary capacity, and that insurance should be obtained by the state to protect it from financial loss in those cases. We assume that this had been done, and if so, the "horribles" pictured by appellee will not come about. We also note that as in all other negligence actions, plaintiffs still must show that a duty was owed to the plaintiff, that this duty was breached, and that an injury was proximately caused by the breach. *Wisener v. State,* 123 Ariz. 148, 598 P.2d 511 (1979).

If appellees are concerned that people will be afraid to act in official capacities in Arizona because they might suffer personal liability, A.R.S. § 41–621(G) should allay these fears. This subsection gives state officers, agents and employees immunity from personal liability for discretionary acts done "in good faith without wanton disregard of his statutory duties."

By reason of the foregoing, we conclude that the doctrine in *Massengill* should be abandoned and that case is overruled. We shall no longer engage in the speculative exercise of determining whether the tort-feasor has a general duty to the injured party, which spells no recovery, or if he had a specific individual duty which

means recovery. *See Oleszczuk v. State,* 124 Ariz. 373, 604 P.2d 637 (1979); *State v. Superior Court of Maricopa County,* 123 Ariz. 324, 599 P.2d 777 (1979); *Grimm v. Arizona Bd. of Pardons & Paroles,* 115 Ariz. 260, 564 P.2d 1227 (1977); *Cady v. State,* 129 Ariz. 258, 630 P.2d 554 (App.1981); *McGeorge v. City of Phoenix,* 117 Ariz. 272, 572 P.2d 100 (App.1977). Thus, the parameters of duty owed by the state will ordinarily be coextensive with those owed by others. In this case, for instance, it appears that the existence of duty is dependent upon the application of the provisions of Restatement of Torts § 319.

We are well aware that by removing the public/private duty doctrine, we have not solved all of the problems in this area. In electing to treat the state like a private litigant, we must hasten to point out that certain areas of immunity must remain. The more obvious of such immunities are legislative immunity, judicial immunity, and high-level executive immunity. We encounter difficulty when the alleged negligence occurs in quasi-judicial context. This court has already faced a portion of the problem in *Grimm, supra,*\* wherein a majority of the court held that members of the Board of Pardons and Paroles have only partial immunity from suit and can be held liable for grossly negligent or reckless acts.

The federal courts in applying the Federal Tort Claims Act, 28 U.S.C. § 1346(b), have had trouble with the exemption of "discretionary acts." 28 U.S.C. § 2680(a). The federal statute does not define discretionary acts and the courts have struggled with its meaning. *See Payton v. United States,* 679 F.2d 475 (5th Cir.1982). We hope to avoid the semantic legerdemain involved in applying a "discretionary acts" exception to state liability for negligent acts. We deem an ad hoc approach to be most appropriate for the further development of the law in this field. We do not recoil from the thought that the legislature may in its wisdom wish to intervene in some aspects of this development.

---

\* The author of this opinion does not recede from his position in the dissent in *Grimm, supra,* which questions the grant of only partial immunity to the Board.

As an explanation of the considerations which will guide our thinking, we present the following discussion. In the area of judicial immunity we have no problem. The same can be said to be true of legislative functions. It is when we come to the executive functions that we have a mix which makes definition difficult. With boards, commissions, committees, and hearing officers performing a variety of functions, part of which are quasi-judicial, and with officers and employees making plans and decisions which set the course of government, we do not feel it appropriate to attempt to define the limited parameters of immunity in the abstract; we propose to define those limitations on the basis of concrete, factual situations as they come before us.

The Supreme Court of Florida, in September of this year, rendered two opinions which touched on the issues here. *Florida Department of Transportation v. Neilson* 419 So.2d 1071 (Fla.1982); *St. Petersburg, Florida v. Collom* 419 So.2d 1082 (Fla.1982). These two cases involved municipal governments but the principles are the same. In the Department of Transportation case the opinion paraphrases the language of the court in *Commercial Carrier Corp. v. Indian River County,* 371 So.2d 1010 (Fla.1979), as follows:

> "The underlying premise for the immunity is that it cannot be tortious conduct for a government to govern. Recognizing the severe criticism from courts and commentators concerning the 'governmental-proprietary' and 'special duty-general duty' analysis of sovereign immunity law as it applied to municipalities, the court held that discretionary judgmental, planning level decisions were immune from suit, but the operational-level decisions were not so immune. It thus ruled that the failure to properly maintain an existing traffic control device was an operational decision and suit could be filed against the governmental entity."

Our purpose in citing the Florida cases and setting forth the quotation is to illustrate how other courts have sought a solution.

Employing the spirit of the Stone decision, we propose to endorse the use of governmental immunity as a defense only when its application is necessary to avoid a severe hampering of a governmental function or thwarting of established public policy. Otherwise, the state and its agents will be subject to the same tort law as private citizens.

Reversed and remanded for proceedings in conformity with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.