663 P.2d 251

Jack L. BROWN and Elaine Brown, husband and wife, Plaintiffs/Appellants,

v.

Douglas SYSON and Jane Doe Syson, husband and wife, and the City of Bisbee, a municipal corporation, Defendants/Appellees.

No. 2 CA–CIV 4424.

Court of Appeals of Arizona, Division 2.

March 28, 1983.

Newkirk, Beren & Cobb, P.C. by Peter Beren, Tucson, for plaintiffs/appellants.

Polley & Polley by Wesley E. Polley, Bisbee, for defendant/appellee City of Bisbee.

Dake, Hathaway, Fritz & Swan, P.C. by Joseph B. Swan, Jr., Phoenix, for defendants/appellees Syson and City of Bisbee.

## OPINION

HATHAWAY, Judge.

In view of the Arizona Supreme Court decision in *Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982), we must reverse the trial court's granting of the defense motion for summary judgment. In *Ryan,* the supreme court expressly overruled the doctrine of immunity expressed in *Massengill v. Yuma County,* 104 Ariz. 518, 456 P.2d 376 (1969). The court stated:

"We shall no longer engage in the speculative exercise of determining whether the tort-feasor has a general duty to the injured party, which spells no recovery, or if he had a specific individual duty which means recovery. [Citations omitted] Thus, the parameters of duty owed by the state will ordinarily be coextensive with those owed by others." 656 P.2d at 599.

The court noted that, as in all other negligence actions, plaintiffs still must show that a duty was owed to the plaintiff, that this duty was breached, and that an injury was proximately caused by that breach. The court concluded:

"... we propose to endorse the use of governmental immunity as a defense only when its application is necessary to avoid a severe hampering of a governmental function or thwarting of established public policy. Otherwise, the state and its agents will be subject to the same tort law as private citizens." 656 P.2d at 600.

In the case before us, appellants contracted with certain builders, defendants below but not parties to this appeal, for the construction of a residence in the City of Bisbee. During the construction of the residence, Douglas Syson inspected the building in his official capacity as the city building inspector for the City of Bisbee. Appellants allege that the inspections were performed in a negligent manner and that the residence was constructed in violation of the Uniform Building Code and Uniform Housing Code then in effect in the City of Bisbee.

The record before us indicates that there are genuine disputes between the parties as to material facts. Plaintiffs/appellants in their opposition to the motion for summary judgment filed an affidavit executed by a former employee of the Registrar of Contractors' office wherein it is stated that the building involved in this action was constructed in a defective manner and that the defects were of such a nature that the building inspector knew or should have known that the construction was not in accordance with the building code. In their opposition, appellants allege that whether the inspections were negligently performed and whether in fact there were building code violations are questions of fact. The affidavit and appellants' allegation were not controverted by defendants/appellees. Therefore, in light of *Ryan,* supra, we reverse.

Reversed and remanded for further proceedings.

HOWARD, C.J., and BIRDSALL, J., concur.