673 P.2d 307

**Pauline D. BISCHOFSHAUSEN et al.,
Plaintiffs/Appellants,**

v.

**PINAL–GILA COUNTIES AIR QUALITY
CONTROL DISTRICT; The City of
Globe, a municipality, Defendants/Ap-
pellees.**

**No. 2 CA–CIV 4443.**

Court of Appeals of Arizona,
Division 2.

June 1, 1983.

Rehearing Denied Oct. 3, 1983.

Review Denied Dec. 6, 1983.

**110**

Harrison & Lerch, P.C. by Mark I. Harrison, Douglas L. Christian, Susan M. Segal and Bonnie C. Gordon, Phoenix, Baskin & Sears by Thomas W. Henderson and Joan Feldman, Pittsburgh, Pa., for plaintiffs/appellants.

Burch & Cracchiolo, P.A. by Brian Kaven, Edwin C. Bull and Daryl Manhart, Phoenix, for defendant/appellee Pinal-Gila Counties Air Quality Control District.

Leonard Everett, Tucson, for defendant/appellee The City of Globe.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the dismissal of the negligence and nuisance counts of appellants' complaint for failure to state a claim for relief against appellees.

Appellants are 72 residents, former residents and/or property owners at the Mountain View Mobile Home subdivision located in Globe, Arizona. Appellees are two of numerous defendants in a suit filed by appellants for damages resulting from pollution of the environment from asbestos.

Appellees moved for dismissal of the complaint on the grounds that they could not be found negligent because any duty which might have been owed by them to plaintiffs was a duty owed to the general public and therefore no cause of action could accrue, citing *Massengill v. Yuma County,* 104 Ariz. 518, 456 P.2d 376 (1969). The trial court granted the motions and this appeal followed.

After the initial briefs had been filed in this appeal, the Arizona Supreme Court decided *Ryan v. State,* 134 Ariz. 308, 656 P.2d 597 (1982), which overturned *Massengill* and abrogated the doctrine of public vs. private duty as being determinative of the issue of governmental immunity. The parties were given the opportunity to file supplemental briefs in view of the decision in *Ryan.*

■ The parties argue at some length over whether *Ryan* should be applied retrospectively. We believe this argument to be misplaced. The issue of the retrospective application of a decision arises only when it is argued that that decision should apply to a prior case which has already reached a final result. The decision in the case sub judice has not become final. When there is a change in the law by court decision between the time of the trial court ruling and the time of appeal, the appellate court applies the law prevailing at the time of the appellate disposition. *Rodriguez v. Rodriguez,* 133 Ariz. 88, 649 P.2d 291 (App.1982), approved 133 Ariz. 87, 649 P.2d 290 (1982); *Juniel v. Juniel,* 128 Ariz. 59, 623 P.2d 848 (App.1980); *Arnold v. Knettle,* 10 Ariz.App. 509, 460 P.2d 45 (1969). *Ryan* therefore controls our decision here.

■ Appellee City of Globe argues that even if *Ryan* is controlling, it comes within the legislative immunity retained in *Ryan.* Citing cases from various jurisdictions, it maintains that the enactment of an ordinance to permit land to be rezoned to allow mobile homes to be placed thereon is a legislative act and therefore no recovery can be had for damages suffered as a result of that act. We do not have to address this issue as appellants are claiming they were damaged not by the enactment of the zoning ordinance, but by the issuance of building permits.

The issuance of a building permit appears to us to be more of an administrative or executive function rather than legislative.

As such it does not come within the immunity retained in *Ryan,* but rather falls into the class of which the court in *Ryan* said:

"... we do not feel it appropriate to attempt to define the limited parameters of immunity in the abstract; we propose to define those limitations on the basis of concrete, factual situations as they come before us." 656 P.2d at 600.

We note that even under Florida law as quoted in *Ryan,* the act complained of here would not be discretionary in nature but would be operational. If a request for a building permit meets all the requirements of the applicable ordinances, there is no discretion as to whether or not it should be issued. The record does not indicate that any policy decision was involved in the issuance of the building permits. *Haslund v. City of Seattle,* 86 Wash.2d 607, 547 P.2d 1221 (1976). We believe appellants stated a claim against the City of Globe for negligence. See *Brown v. Syson,* 135 Ariz. 567, 663 P.2d 251 (1983).

■ Appellee Pinal-Gila Counties Air Quality Control District (Control District) argues that it owed no duty to appellants. It maintains that it has no authority to regulate landfills, approve zoning or subdivision requests or regulate land use. While this may be true, it is not these activities on which appellants base their claim against Control District. Their claim is that Control District had a statutory duty under A.R.S. § 36–770 et seq., to control and regulate the activities of other defendants, the asbestos mine and mill operators, and the failure of Control District to properly perform its duties led to the creation of the hazard which resulted in damage to them. Appellants have alleged a duty, a breach of that duty and resulting injury caused by that breach. We offer no opinion as to whether appellants will prevail; however, they have stated a claim for which relief can be granted.

■ The final issue, raised by both appellees, is that appellants cannot argue on appeal the dismissal of their claim based on nuisance as it was not raised in the complaint. A review of the second amended complaint supports appellees on the issue of private nuisance. Appellants alleged:

"That at certain times material herein *certain of the Defendants herein have created private nuisances* that have caused injuries *and* damages to Plaintiffs in *that said Defendants made unreasonable, unwarranted and/or unlawful use of their own property* in and around the Mountain View Mobile Home Estates, which said nuisances involved asbestos and the air and land in question of the Plaintiffs, by making obstruction and/or injury to the rights of Plaintiffs regarding their property and persons, and which said nuisances have created material annoyances, inconvenience, injury and discomfort to Plaintiffs, and which have caused the injuries and damages of Plaintiffs as are set forth in Count One above." (Emphasis added)

Appellants are clearly asserting this claim only against some of the defendants, those who own property. Neither of appellees are owners of any property, the misuse of which could have injured appellants. This reading of that part of the complaint is supported by the following paragraph which states:

"That *all of the Defendants* herein, at times material herein, *created public nuisances* ..." (Emphasis added)

We believe therefore that appellants did not allege in their complaint that appellees created a private nuisance and that count was properly dismissed by the trial court.

We turn now to the final issue before us. Did appellants allege that appellees created a public nuisance, and did the trial court properly dismiss that portion of the complaint?

■ We believe the plain words of the complaint, supra, require an affirmative answer to the first part of the question. Clearly the allegation was made. Therefore we must now examine the complaint to determine whether the appellants would be entitled to relief under any theory of law. In reviewing the granting of a motion to dismiss for failure to state a claim for re-

**112**

lief, we assume the truth of all facts stated in the complaint. The motion should not be granted unless appellants will not be entitled to relief under any set of facts susceptible of proof under the pleading. *Oracle School District No. 2 v. Mammoth High School District No. 88,* 130 Ariz. 41, 633 P.2d 450 (App.1981); *Savard v. Selby,* 19 Ariz. App. 514, 508 P.2d 773 (1973).

█ In discussing the type of conduct necessary to create liability for a public nuisance, the Restatement (Second) of Torts, § 824, states that one who fails to act may be liable for a public nuisance. Comment e to that section then refers to §§ 838 through 840 for the particular situations under which one may be liable for failure to act. Each of those sections refers to one who owns land and fails to act to abate a nuisance originating on that land. We find no allegation in the complaint that either of the appellees owns any land which could possibly cause harm to appellants. We believe the trial court was correct in dismissing the public nuisance portion of the complaint.

█ Appellees argue that "exhibits" attached to appellants' opening brief are not a part of the record and should not be considered by this court on appeal. We believe appellees are incorrect. The "exhibits" were filed with the trial court with appellants' opposition to appellees' motion to dismiss the complaint. They are properly a part of the record on appeal. Appellees' argument that the "exhibits" are not evidence is misplaced. They were not offered as evidence and indeed could not have been so offered as there was no trial in this case.

Affirmed in part, reversed in part and remanded with instructions to reinstate appellants' negligence claim against appellees.

HOWARD, C.J., and BIRDSALL, J., concur.