745 P.2d 132
**STATE of Arizona, Appellant,**

v.

**Lyle Kent DRIGGS, Appellee.**

**1 CA–CR 9737.**

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 2, 1986.

Thomas E. Collins, Maricopa Co. Atty. by Timothy Lee Moulton, Deputy Co. Atty., Phoenix, for appellant.

Gregory R. Jordan, Phoenix, for appellee.

## OPINION

JACOBSON, Judge.

The issue on this appeal is whether a conviction for driving under the influence of intoxicating liquors (DWI) may be utilized to enhance the punishment for a DWI charge occurring prior in time to the DWI conviction.

The state appeals from the trial court's order dismissing a charge of DWI, a felony, and driving with a blood-alcohol content greater than 0.10 percent, also a felony.

The facts are that on May 7, 1984, appellee was arrested for DWI, with one prior DWI conviction occurring on November 20, 1980. The May 7 case proceeded as a misdemeanor prosecution. Prior to trial, appellee was arrested on December 19, 1984, for another DWI. This DWI resulted in a conviction prior to an adjudication of the May 7 arrest. Because appellee now had two DWI convictions within sixty months of the May 7, 1984 offense, the matter was referred to the County Attorney's Office for felony prosecution. In October of 1985, appellee was indicted in connection with the May 7 arrest for DWI, a class 5 felony, in violation of A.R.S. §§ 28–692(A) and 28–692.01(F), and driving with a blood-alcohol content of more than 0.10 percent, in violation of A.R.S. §§ 28–692(B) and 28–692.01(F). The indictment charged the May 7, 1984 violation as the principal offense, and set forth the violations dated December 19, 1984, and November 20, 1980, as the two prior convictions.

Prior to trial, appellee filed a motion to dismiss on the grounds that use of the December 19, 1984 violation as a previous conviction to the principal offense, which occurred earlier on May 7, 1984, violated due process of law and that A.R.S. § 28–692.01(F), as applied, was invalid as an *ex post facto* law.

The trial court ruled that use of the later violation (December 19, 1984) as a "previous" violation, to enhance punishment for the earlier violation (May 7, 1984), was a denial of due process, because appellee had no notice that his conduct on May 7, 1984 subjected him to felony prosecution. We disagree.

■ At the outset, appellee has raised a procedural issue relating to the briefs. In its opening brief, the state failed to provide references to the record in support of its statement of facts, as required by Rule 31.13(c)(1)(iii), Arizona Rules of Criminal Procedure.[1] Because of this noncompliance, appellee requests this court to summarily dismiss the appeal, and to assess attorney's fees against the state. Appellee's requested sanctions are far too drastic. First, it should be noted that appellee, after receipt of the state's opening brief, could have filed a motion to strike the brief, but did not. Second, appellee admits in its answering brief that appellee's statement of the case is sufficient for appellate review, as the relevant facts are not in dispute. The state did make appropriate reference to the record as to the trial court's order dismissing the charges. Finally, the entire record necessary to the appeal is before this court. Therefore, the request for summary dismissal and attorney's fees is denied.

## A.R.S. § 28–692.01(F) AND PRIOR CONVICTIONS

The issue raised by the state is whether a prior conviction may be used to enhance punishment pursuant to A.R.S. § 28–692.01(F), even though the prior conviction is for an offense committed after the commission of the principal offense.

A.R.S. § 28–692.01(F) states in part:

If a person is convicted of a third or subsequent violation of § 28–692 ... within a period of sixty months, the person is guilty of a class 5 felony and shall not be eligible for probation, pardon, parole, commutation or suspension of sentence or release on any other basis except as specifically authorized by § 31–233 subsection A or B until the person has served not less than six months in prison. The dates of the commission of the offense are the determining factor in applying this subsection.

■ The amendment which expanded the time period for consideration of prior DWI convictions under this section from 36 to 60 months became effective July 26, 1983. Thus, the trial court was incorrect in its ruling that appellee had no notice that his conduct on May 7, 1984, could subject him to felony prosecution. The law is clear and warns that anyone convicted three or more times for DWI within 60 months is subject to felony prosecution. A.R.S. § 28–692.01(F) was in effect at the time appellee committed the December 19, 1984 DWI offense and at the time appellee was arrested for DWI on May 7, 1984. Therefore, it does not follow that appellee had no notice that his conduct on May 7, 1984 could result in felony prosecution. Nor was it a denial of due process for the state to allege the December 19, 1984 conviction as a prior conviction.

■ There is nothing in the statute requiring a sequential relation between convictions. In fact, § 28–692.01(I) specifically states:

The court shall allow the allegation of a prior conviction or other pending charge of a violation of § 28–692 filed twenty or more days before the date the case is actually tried and may in its discretion allow the allegation of a prior conviction or other pending charge of a violation of § 28–692 filed any time prior

---

1. Appellee has cited Rule 13, Arizona Rules of Civil Appellate Procedure. However, this case is a criminal matter appealed from superior court, and is therefore governed by the Arizona Rules of Criminal Procedure.

to the date the case is actually tried, provided that when the allegation is filed this state must make available to the defendant a copy of any information obtained concerning the prior conviction or other pending charge. *The sequence of court dispositions of pending cases is immaterial if the offenses were committed within 60 months.* (Emphasis added.)

Therefore, the prosecutor may allege any previous conviction, whether or not the offense occurred before or after the principal offense, as long as the offenses occurred within 60 months of the principal offense. A.R.S. § 28–692.01(F) is an enhanced punishment statute. It does not create a new, separate or distinct DWI offense. Like A.R.S. § 13–604, it merely authorizes the infliction of a more severe penalty on one who is a persistent offender. *State of Arizona ex rel. Collins v. Udall,* 149 Ariz. 199, 717 P.2d 878 (1986). As such, it is not an *ex post facto* law. *Hinson v. State,* 150 Ariz. 306, 723 P.2d 655 (1986). *See also State v. Yellowmexican,* 142 Ariz. 205, 208, 688 P.2d 1097, 1100 (App.), *approved,* 142 Ariz. 91, 688 P.2d 983 (1984).

*State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980) held that a prior felony conviction could be used for enhanced punishment pursuant to A.R.S. § 13–604(B), even though the prior conviction was obtained *after* the commission of the principal offense.

> The statute, § 13–604(B), refers to prior convictions and not prior offenses. So long as the defendant was convicted of the other offense before the conviction in the principal offense, the enhanced punishment provisions of § 13–604(B) are applicable.

*Id.* 126 Ariz. at 576, 617 P.2d at 528.

Later, in *State v. Rybolt,* 133 Ariz. 276, 650 P.2d 1258 (App.1982), *rev'd on other grounds, State v. Diaz,* 142 Ariz. 136, 688 P.2d 1028 (App.) *adopted,* 142 Ariz. 119, 688 P.2d 1011 (1984), it was held that a subsequent *offense* could be used to enhance punishment for a prior, principal *offense.* The court rejected defendant's argument that although a *conviction* on another crime need not precede the crime being enhanced, the crime itself must have been committed before the crime being enhanced. The court based its holding on the language in *Hannah,* which stated:

> Our state legislature has clearly indicated that it was concerned not only with deterring the commission of crime, *but also with punishing the persistent or repetitive offender regardless of when the defendant committed the other offense.*

*Hannah,* 126 Ariz. at 576, 617 P.2d at 528 (1980) (emphasis added).

In *State v. Superior Court in and for Maricopa County,* 142 Ariz. 280, 689 P.2d 539 (1984), the supreme court noted that pursuant to A.R.S. § 13–604(H):

> 1. A prior conviction may be used to enhance a subsequent conviction even though the prior conviction was for an offense which occurred after the occurrence of the offense which formed the basis of the subsequent conviction. *Hannah, supra.*

*Id.,* 142 Ariz. at 282, 689 P.2d at 541.

A.R.S. § 13–604 is much the same as A.R.S. § 28–692.01 as both statutes are, in part, enhanced punishment statutes. As such, the reasoning which controls the disposition of A.R.S. § 13–604 cases also controls the disposition of A.R.S. § 28–692.01 cases. A prior conviction for DWI may be used to enhance punishment for a subsequent DWI conviction, even though the prior conviction is for an offense which occurs after the occurrence of the offense which forms the basis of the subsequent conviction.

The judgment of the trial court is reversed and the matter remanded with instructions to reinstate the two felony charges.

MEYERSON, P.J., and SHELLEY, J., concur.