745 P.2d 90

**Paul WOOD, James Santarelli, Carlos Montano, and John J. Brown, Petitioners,**

v.

**The Hon. Stanley GOODFARB, Judge of the Superior Court, in and for the County of Maricopa, Respondent,**

and

**The STATE of Arizona, through the MARICOPA COUNTY ATTORNEY'S OFFICE, Real Party in Interest.**

No. CV–87–0301–T/SA.

Supreme Court of Arizona, En Banc.

Oct. 21, 1987.

Dean W. Trebesch, Maricopa County Public Defender by David Katz, Deputy County Public Defender, Phoenix, for petitioners.

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Co. Atty., Phoenix, for respondent.

Roderick G. McDougall, Phoenix City Atty. by Mary G. Isban, Michael P. Scott, Shirley A. Dunnells, Michael L. Scanlan, Phoenix, for amicus curiae Phoenix City Prosecutor.

MOELLER, Justice.

## FACTS AND JURISDICTION

Each of the four petitioners was charged in superior court with felony offenses of driving while under the influence of alcohol (hereafter "DUI"). Each filed a motion to dismiss the charges contending that his case was governed by the rule announced in *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). The trial judge denied the motions to dismiss, whereupon the petitioners filed a special action in Division One of the court of appeals. We granted that court's petition to transfer the case to this court. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(4) and Rule 19, Arizona Rules of Civil Appellate Procedure.

## DOES *HINSON v. COULTER* APPLY TO THESE CASES?

In *Hinson v. Coulter*, this court held that Rule 8.2(a) of the Rules of Criminal Procedure required that a defendant charged with DUI be tried within 150 days of the date of his arrest. 150 Ariz. at 311, 723 P.2d at 660. The fact that the offense had been "scratched" and refiled did not extend the time limit. *Id.* We further held that failure to comply with the *Hinson* rule would result in dismissal of the charges with prejudice unless the provisions of Rule 8 itself permitted additional time. *Id.* We specifically stated that the *Hinson* rule was to be prospective only and was to apply to those DUI defendants arrested after the issuance of the mandate in *Hinson*. *Id.* Significantly, the *Hinson* rule was not applied even to Hinson himself, whose case was remanded with directions that trial proceed within sixty days from the date of the mandate pursuant to Rule 8.2(d), Rules of Criminal Procedure. *Id.*

Since this court's opinion was issued in *Hinson*, the United States Supreme Court has issued its opinion in *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). In *Griffith*, the Supreme Court held that when a new constitutional rule of criminal procedure is announced it applies to all criminal prosecutions then pending which are not yet final. 479 U.S. at ——, 107 S.Ct. at 716, 93 L.Ed. 2d at 661. The new *Griffith* rule is to be applied even if the new constitutional rule constitutes a "clear break" from past precedent. *Id.* Petitioners contend that *Griffith* requires that *Hinson* be applied to their cases. We disagree.

*Griffith* involved consideration of the application of a new rule of constitutional law, and we believe its application is properly limited to new constitutional rules. *Hinson*, however, does not involve a new constitutional rule. We expressly stated that *Hinson* was not being decided on the constitutional grounds of pre-indictment delay but was, instead, being decided strictly as a matter of the application of Rule 8.2(a), Arizona Rules of Criminal Procedure. 150 Ariz. at 309, 723 P.2d at 658. Had we concluded that Hinson's due process rights had been violated by reason of pre-indictment delay, the remedy would have been dismissal of his case; instead, we remanded it. 150 Ariz. at 311, 723 P.2d at 660. Since *Hinson* was not an announcement of a new constitutional rule, *Griffith* does not require that it be applied to all pending cases.

Petitioners alternatively argue that, even if *Griffith* does not require the application of *Hinson* to their cases, this court nevertheless should apply *Hinson* as a matter of discretion. Essentially, petitioners' argument is that the same policy reasons which led to the adoption of the *Hinson* rule should also lead us to apply the rule to their pre-*Hinson* cases. We decline this

**34**

invitation to broaden the applicability of *Hinson*.

## EQUAL PROTECTION

Petitioners also contend that *Hinson* must be applied to their cases or their rights to equal protection under the law will be violated. We do not agree. Petitioners have cited no authority to support their position that a new court decision applied prospectively denies equal protection under the law to those parties ruled by the prior decision. Further, change of procedure, either by the legislature or the courts, does not constitute a denial of equal protection of the law. *See Backus v. Fort Street Union Depot Co.*, 169 U.S. 557, 571, 18 S.Ct. 445, 451, 42 L.Ed. 853, 860 (1898). *See also State v. Ferrell*, 126 Ariz. 1, 2, 612 P.2d 52, 53 (1980).

## CONCLUSION AND DISPOSITION

A DUI defendant has the same rights relative to pre-indictment delay as any other criminal defendant. Nothing in *Hinson* or in this opinion prevents a pre-*Hinson* DUI defendant from seeking and obtaining a dismissal of his case on grounds of pre-indictment delay under the law applicable to pre-indictment delay. If a proper showing for dismissal is made on such grounds, a trial court has discretion to dismiss the case.

Following oral argument on this petition for special action on September 30, 1987, we accepted jurisdiction not because we disagreed with the trial court's order denying dismissal, but because we felt the issue presented required a prompt and definitive resolution in view of the number of cases statewide in which this issue is present. Similarly, we extended the stay order previously entered not because we intended to dismiss the cases, but because we did not want to force them to trial prior to issuance of this opinion, since petitioners may feel that they have adequate grounds to present alternative motions to dismiss based on pre-indictment delay.

The relief requested in the petition for special action is denied. The stay order previously issued herein is quashed.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN, J., concur.

NOTE: Justice JAMES DUKE CAMERON did not participate in the determination of this matter.