793 P.2d 1135

The STATE of Arizona, Appellee,

v.

Humberto Carrillo CAMPA, Appellant.

No. 2 CA–CR 89–0054.

Court of Appeals of Arizona,
Division 2, Department A.

April 19, 1990.

As Corrected June 12 and June 19
and Aug. 30, 1990.

Review Granted July 10, 1990.

Cross Petition for Review Denied
July 10, 1990.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Randall M. Howe, Phoenix, for appellee.

James S. Alexander, Tucson, for appellant.

## OPINION

HOWARD, Judge.

### FACTS

In the early morning hours of May 29, 1988, police arrested appellant for driving while under the influence. 205 days later, on December 20, 1988, he was tried by a jury and subsequently convicted of four charges: A.R.S. § 28–692(A), driving under the influence of intoxicating liquor (DUI); A.R.S. § 28–692(B), DUI with a blood alcohol content (BAC) of .10 percent or more; A.R.S. § 28–692.02(A), DUI while his license was suspended; and A.R.S. § 28–692.02(A), DUI with BAC of .10 percent or more while his license was suspended. The trial court imposed an enhanced sentence of six years pursuant to § 13–604(A),(C) and § 28–692.01. Concurrent sentences were imposed. We note 43 days of excludable time. See Rule 8.4, 17 A.R.S., Rules of Crim.Proc.

### ISSUES

Appellant contends the trial court violated his right to a speedy trial, erred in giving improper jury instructions and improperly enhanced his sentence. For the

following reasons, we reverse in part, affirm in part and remand for resentencing.

### DISCUSSION

1. *Hinson.*

■ Appellant argues that the court's failure to dismiss the state's charges, with prejudice, violated his right to a trial within 150 days of his arrest. Rule 8.2(a), 17 A.R.S., Rules of Crim.Proc.; *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). The record indicates that the appellant failed to advise the trial court of the impending deadline imposed by Rule 8.1(d). He therefore waives his *Hinson* claim on appeal. *Andre v. Tucson City Court*, Ariz., (2 CA–CV 89–0244, filed March 13, 1990). See also *State v. Guerrero*, 159 Ariz. 568, 769 P.2d 1014 (1989); *State v. Techy*, 135 Ariz. 81, 659 P.2d 40 (App.1982). Accordingly, we find that the court did not err by proceeding with appellant's trial.

2. *Desmond.*

Appellant contends that the trial court erred in instructing the jury on presumptions pursuant to A.R.S. § 28–692(E) because no "relation back" testimony establishing appellant's BAC at the time he was driving was admitted into evidence. *Desmond v. Superior Court*, 161 Ariz. 522, 779 P.2d 1261 (1989). No objection to the instructions was made by appellant at trial.

Pending review of appellant's case, our supreme court decided *Desmond v. Superior Court, supra. Desmond* held that "[i]n order for the state to receive the statutory presumption instruction in a charge under [A.R.S. § 28–692(A)] or to make a prima facie case under [A.R.S. § 28–692(B)], there must be some evidence *relating the BAC back to the time of arrest.*" 161 Ariz. at 529, 779 P.2d at 1268 (emphasis added).

The state argues that the ·conviction should be upheld because appellant failed to preserve the issue for appeal and no fundamental error was involved. Second, the state argues that *Desmond* should not be applied retroactively.

■ The theory of fundamental error is inapplicable as to the charge under A.R.S. §§ 28–692(B) and 28–692.02(A). No objection to the instruction was necessary because the state failed to prove a prima facie case by not presenting evidence relating the blood-alcohol content back to the time of arrest. *Desmond*, supra.

■ As for the issue of retroactivity, the supreme court did not specifically address this issue as it has done in other cases such as *Hinson v. Coulter, supra,* and *Montano v. Superior Court*, 149 Ariz. 385, 719 P.2d 271 (1986). As a general rule, we will apply the law existing at the time of appellate disposition. See *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *State v. Gardfrey*, 161 Ariz. 31, 775 P.2d 1095 (1989). See also *Bischofshausen v. Pinal–Gila Counties*, 138 Ariz. 109, 673 P.2d 307 (App.1983); *Ranburger v. Southern Pacific Transportation Company*, 157 Ariz. 547, 760 P.2d 547 (App.1986) (application of a change of law to civil cases pending review). But see *Wood v. Goodfarb*, 155 Ariz. 32, 745 P.2d 90 (1987). Therefore we apply the law of *Desmond* to appellant's case.

■ Since there was insufficient evidence to convict appellant of a violation of A.R.S. §§ 28–692(B) and 28–692.02(A) (DUI with BAC of .10 percent while license suspended), it would be improper to remand for a new trial on these charges because of the double jeopardy clause of the Fifth Amendment. See *State v. Poland*, 132 Ariz. 269, 645 P.2d 784 (1982). His conviction and sentence on these charges are vacated and the charges are dismissed with prejudice.

■ The same result does not apply to violations of A.R.S. § 28–692(A) (driving under the influence) which does not rely totally on intoxylizer results and can be established by other evidence that the accused was driving under the influence. *Desmond v. Superior Court*, 161 Ariz. at 526–27, 779 P.2d at 1265–66. Here, the arresting police officer testified that: (1) he stopped appellant after observing his erratic driving behavior; (2) he observed an open can

of beer at the arrest scene; and (3) appellant failed five proffered sobriety tests. The state presented sufficient evidence of a violation under A.R.S. § 28–692(A) to go to the jury. *Desmond v. Superior Court, supra.* His failure to object to the instruction did not constitute fundamental error. He therefore waives this claim on review as to these offenses. *State v. Barnett,* 142 Ariz. 592 691 P.2d 683 (1984). Therefore, we affirm the convictions for violations of A.R.S. §§ 28–692(A) and 28–692.02(A) (DUI with a suspended license).

## ENHANCEMENT

 Appellant contends that the trial court improperly enhanced his sentence pursuant to A.R.S. §§ 13–604(A), (C) and 28–692.01. He argues that § 28–692.01 sets forth the only penalties which may be imposed for repetitive offenses committed in violation of § 28–692. We agree. *State v. Driggs,* 155 Ariz. 74, 745 P.2d 132 (1986), clearly establishes that § 13–604 does not apply to the separate and unique DUI statutes. The trial court therefore erred in its application of § 13–604.

Appellant's conviction and sentence for driving under the influence in violation of A.R.S. §§ 28–692(B) and 28–692.02(A) (DUI with BAC of .10 percent while license suspended) are vacated and the charges dismissed with prejudice. His two convictions for violation of A.R.S. §§ 28–692(A) and 28–692.02(A) (DUI while license suspended) are affirmed and remanded for resentencing.

ROLL, P.J., and HATHAWAY, J., concur.