815 P.2d 395

**STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Rebecca ALBRECHT, Judge of the Superior Court of Maricopa County, Respondent,**

and

**Solomon L. PADILLA, Real Party in Interest.**

No. CV–90–0224–SA.

Supreme Court of Arizona, En Banc.

June 27, 1991.

Richard M. Romley, Maricopa Co. Atty. by H. Allen Gerhardt, Jr., Deputy Co. Atty., Phoenix, for petitioner.

Dean W. Trebesch, Maricopa County Public Defender by James P. Cleary, Deputy Public Defender, Phoenix, for real party in interest.

## OPINION

MOELLER, Justice.

### STATEMENT OF THE CASE

Real party in interest Solomon L. Padilla (defendant) was charged in two counts with driving while under the influence of intoxicating liquor and driving with a blood alcohol content of .10 percent or more. The state alleged that the offenses were committed while defendant's license was suspended and were, therefore, class 5 felonies pursuant to A.R.S. § 28–692.02. For purposes of potential sentence enhancement under A.R.S. § 13–604(C), the state also alleged that defendant had two prior felony convictions for burglary. The trial judge, relying on the court of appeals' opinion in *State v. Campa*, 164 Ariz. 468, 793 P.2d 1135 (App.1990), granted defendant's motion to strike the allegation of prior felony convictions and ruled that the priors could not be used to enhance the sentence.

The state filed a special action directly in this court challenging the trial court's ruling. Because review of the court of appeals' opinion in *Campa* was pending in this court, and because the issue presented is one of statewide significance affecting many other cases, we accepted jurisdiction and consolidated this case with *Campa* for oral argument. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(1).

### ISSUE

Whether a defendant charged with a felony driving offense under Title 28 may be subject, upon conviction, to enhanced punishment as a repeat felony offender under A.R.S. § 13–604(C) when he has prior felony burglary convictions.

### DISCUSSION

Section 13–604, the general sentence enhancement statute, provides that recidivists

should be punished more harshly than first-time offenders. The question in this case is whether Title 28 driving felonies are exempt from enhancement under § 13-604(C).

In *State v. Campa,* 168 Ariz. 407, 814 P.2d 748 (1991), we rejected defendant's exemption argument. In *Campa,* we held that driving offenses classified as felonies under Title 28 could properly be enhanced by prior felonies under § 13-604. *Id.* at 408, 814 P.2d at 749. The prior felonies in *Campa* were Title 28 driving felonies. The rationale of *Campa* requires that we also reject defendant's contention here, when the use of the prior convictions does not present any plausible double punishment considerations. We write separately and publish this opinion to make plain our intention that the rule announced in *Campa* is not limited to cases in which the prior felonies are driving felonies. Thus, we hold that the defendant, if convicted of a felony driving offense, is subject to enhanced sentencing for prior burglary felonies.

## DISPOSITION

We vacate the trial court's order striking the allegation of prior convictions, reinstate the allegations, quash the stay granted earlier, and remand this case to the trial court for proceedings consistent with this opinion.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.