IN THE
# ARIZONA COURT OF APPEALS
## DIVISION TWO

––––––––––––––––––––––––––––––

IN RE THE ESTATE OF
RICHARD R. SNURE, DECEASED.

ELOISE GARBARENO,
*Petitioner/Appellant,*

*v.*

FRAN WHATLEY, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF RICHARD R. SNURE,
*Respondent/Appellee.*

No. 2 CA-CV 2013-0075
Filed February 28, 2014

––––––––––––––––––––––––––––––

Appeal from the Superior Court in Cochise County
No. PB200900115
The Honorable John F. Kelliher, Judge

**REVERSED AND REMANDED**

––––––––––––––––––––––––––––––

COUNSEL

Manning & Kass, Ellrod, Ramirez, Trester, LLP, Scottsdale
By Scott A. Alles, Debora L. Verdier, and Victoria M. Dunne
*Counsel for Petitioner/Appellant*

Jennings, Strouss & Salmon, P.L.C., Phoenix
By Brian Imbornoni
*Counsel for Respondent/Appellee*

––––––––––––––––––––––––––––––

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

———————————————

E C K E R S T R O M, Judge:

**¶1**        Appellant Eloise Garbareno appeals from the trial court's order dismissing her petition against the estate of Richard Snure (the estate) for failure to state a claim under Rule 12(b)(6), Ariz. R. Civ. P.  We reverse the court's order and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background

**¶2**        "In reviewing the granting of a motion to dismiss for failure to state a claim for relief, we assume the truth of all facts stated in the complaint," or petition.  *Bischofshausen v. Pinal-Gila Cntys. Air Quality Control Dist.*, 138 Ariz. 109, 111-12, 673 P.3d 307, 309-10 (App. 1983).  In the summer of 2009, Garbareno notified the estate of her claim for approximately $146,000.  In November 2009, Garbareno received a notice from the estate entitled "Notice to Known Creditors."  In December 2009, counsel for the estate corresponded with Garbareno via e-mail, confirming receipt of her claim.  Garbareno provided the estate with her physical address, cell phone number, and e-mail address.

**¶3**        In May 2010, the estate mailed a "Notice of Disallowance of Claim" to Garbareno by certified mail, return receipt requested.  The letter was returned unclaimed to the estate.

**¶4**        Garbareno remained unaware that her claim had been rejected until October 12, 2012.  On November 30, 2012, she filed a petition for a hearing on her claim against the estate, asserting that because the estate had not provided her with notice of disallowance, her claim should be deemed allowed.  The trial court dismissed Garbareno's petition for failure to state a claim upon which relief could be granted.  This timely appeal followed.  We have jurisdiction pursuant to A.R.S. § 12-120.21(A)(1).

**Sufficiency of Notice**

¶5        Garbareno asserts the notice sent to her was constitutionally inadequate under the Due Process Clause of the Fourteenth Amendment because the estate knew she had not received it.  We review this constitutional claim de novo.  *See Emmett McLoughlin Realty, Inc. v. Pima County*, 212 Ariz. 351, ¶ 16, 132 P.3d 290, 294 (App. 2006).

¶6        A person facing a potential state deprivation of life, liberty, or property is entitled to due process of law.  U.S. Const. amend. XIV, § 1.  An essential component of due process is the right to notice and an opportunity to be heard.  *See, e.g.*, *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).  A creditor's cause of action against an estate is a protected property interest for due process purposes.  *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988).  The estate has not disputed here Garbareno's implicit contention that a probate court's bar of a claim as untimely is considered to be state action sufficient to trigger due process rights.  *Id.* at 485-88.  Under such circumstances, a "known or reasonably ascertainable" creditor is entitled to notice.  *Id.* at 491.

¶7        While the estate acknowledges that Garbareno enjoyed a protected interest that entitled her to notice, it asserts, relying on *Mullane*, that sending the notice of disallowance by certified mail was sufficient because it was reasonably calculated to provide actual notice.  339 U.S. at 314.  The estate claims that, at the time the notice was sent, it was reasonably calculated to reach Garbareno and was therefore constitutionally sufficient.

¶8        However, in 2006, the Supreme Court clarified that when notice sent by certified mail has been returned as undeliverable, the notice is insufficient and additional reasonable steps must be taken to provide notice.  *Jones*, 547 U.S. at 225; *see also Yi Tu v. Nat'l Transp. Safety Bd.*, 470 F.3d 941, 942-43 (9th Cir. 2006) (notice sent by federal agency suspending pilot's license was insufficient where agency had reason to know certified mail did not reach pilot); *Norgrove v. Bd. of Educ. of City Sch. Dist. of N.Y.C.*, 881 N.Y.S.2d 802, 810 (Sup. Ct. 2009) (notice of possible termination to

tenured teacher was insufficient where notice sent by certified mail returned "unclaimed").[1] The Court held that "'when notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'" *Jones*, 547 U.S. at 229, *quoting Mullane*, 339 U.S. at 315 (omission and alteration in *Jones*). In applying that standard to the case before it, the Court reasoned:

> We do not think that a person who actually desired to inform a real property owner of an impending tax sale of a house he owns would do nothing when a certified letter sent to the owner is returned unclaimed. If the Commissioner prepared a stack of letters to mail to delinquent taxpayers, handed them to the postman, and then watched as the departing postman accidentally dropped the letters down a storm drain, one would certainly expect the Commissioner's office to prepare a new stack of letters and send them again. No one "desirous of actually informing" the owners would simply shrug his shoulders as the letters disappeared and say "I tried." Failure to follow up would be unreasonable, despite the fact that the letters were reasonably calculated to reach their intended recipients when delivered to the postman.

*Id.* The Court further noted that "additional reasonable steps" were available to notify the property owner, *id.* at 234, such as "[f]ollowing up with regular mail." *Id.* at 235.[2]

---

[1]We note that the *Jones* case, which we find dispositive here, was not presented to the trial court by either party.

[2]At oral argument, the estate contended that *Jones* requires a fact-specific balancing test in every situation to determine whether

**¶9**        The estate suggests that, even if the mailed notice was deficient, Garbareno was put on notice of the disallowance because it was filed in the superior court.  But the Court in *Jones* found that a person who is entitled to notice of a proceeding is entitled regardless of whether the information is available elsewhere or whether the person has been diligent in her attention to her property.  *Id.* at 232-33; *see also In re Estate of Evans*, 901 P.2d 1138, 1143 (Alaska 1995) (rejecting argument that inquiry notice sufficient).

**¶10**        Here, as in *Jones*, Garbareno had a protected property interest and was entitled to notice.  Also as in *Jones*, the estate was alerted by the return of the notice as unclaimed that Garbareno had not actually been notified.[3]  Finally, as in *Jones*, the estate had other reasonable options for notifying Garbareno, including sending the notice by regular mail.  For these reasons, we conclude the notice

---

additional notice is required.  We do not read *Jones* to suggest that trial courts must engage in such fact-specific inquiry in every case.  Rather, we read *Jones* as—having balanced the interests of a party in receiving notice against those of the state—creating a bright-line rule that where a party is entitled to notice and the notice provided is known to be defective, due process requires that additional reasonable steps must be taken to provide notice.  547 U.S. at 229-30. Even assuming we agreed with this contention, given Garbareno's substantial interest in the estate, the fact that the notice of disallowance was dispositive of Garbareno's entire claim, and the very minor additional burden that sending the notice by regular mail, calling, or e-mailing would have imposed on the estate, we believe such a balance would easily weigh in Garbareno's favor.

[3] We do not address today the situation in which a party affirmatively rejects or avoids receipt of certified mail.  The estate does not suggest, and the record does not reflect, that Garbareno took any such action here.  *See $14,980 v. State*, 261 S.W.3d 182, 189-90 (Tex. App. 2008) (constructive notice could not be imputed to party "[w]ithout evidence . . . that appellant dodged or refused delivery of certified mail").

sent by certified mail and returned unopened to the estate was constitutionally insufficient.[4]

## Remedy

**¶11**      Under A.R.S. § 14-3806(A), when a claim is presented against an estate under A.R.S. § 14-3804, the estate "may mail a notice to any claimant stating that the claim has been disallowed." § 14-3806(A). After a notice of disallowance has been sent, if the claimant does not file a petition for allowance or commence a proceeding against the personal representative of the estate within sixty days, the claim is barred. *Id.* On the other hand, if the estate does not "mail notice to a claimant of action on h[er] claim for sixty days after the time for original presentation of the claim has expired," the claim is deemed to be allowed. *Id.*

**¶12**      Garbareno asserts that her claim should be deemed allowed under the statute because the estate failed to timely comply with the requirement of mailing notice. But the estate complied with § 14-3806(A), which simply requires that the representative of the estate "mail a notice," without prescribing any specific method of mailing to be used.[5] Because Garbareno has not established a

---

[4]Because we find the notice sent to Garbareno was insufficient, we need not address her claim that the estate was obligated to send notice to her counsel. Further, although Garbareno's notice of appeal states that she is appealing from the trial court's denial of her motion for a continuance under Rule 56(f), Ariz. R. Civ. P., she has not presented an argument on this claim, and it is therefore waived. *See* Ariz. R. Civ. App. P. 13(a)(6) (opening brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on"); *Ritchie v. Krasner*, 221 Ariz. 288, ¶ 62, 211 P.3d 1272, 1289 (App. 2009) (failure to comply with Rule 13(a)(6) waives argument).

[5]We do not hold that § 14-3806 is unconstitutional on its face. In general, proof that notice was sent either by certified or regular mail will be sufficient to comply with due process. It is only because the estate had actual knowledge that the notice had not been

statutory violation, the statutory remedy of deeming the claim allowed is inappropriate.

**¶13** Instead, Garbareno should be provided precisely what due process guarantees—notice and an opportunity to be heard. Because Garbareno received actual notice of the disallowance of her claim on October 12, 2012, we conclude that the sixty-day time limit began to run on that date, and her petition was therefore timely filed. *Cf. Yi Tu*, 470 F.3d at 943, 946 (allowing delayed appeal as appropriate remedy where insufficient notice denied pilot right to timely appeal suspension of license). Garbareno should be allowed to proceed with her petition for allowance.

## Conclusion

**¶14** For the foregoing reasons, we reverse the trial court's order granting the estate's motion to dismiss, vacate the judgment entered against Garbareno, and remand for further proceedings consistent with this opinion.

---

received and had reasonable steps available to provide notice that we find a constitutional violation. *See Jones*, 547 U.S. at 238 (declining "'to prescribe the form of service that the [government] should adopt'"), *quoting Greene v. Lindsey*, 456 U.S. 444, 455 n.9 (1982) (alteration in *Jones*).