NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

BOZRAH BUILDERS INCORPORATED, an Arizona corporation,
*Plaintiff/Appellant*,

*v.*

ARIZONA REGISTRAR OF CONTRACTORS, an Arizona Agency;
TAMARA PETERSON, an unmarried woman, *Respondents/Appellees*.

No. 1 CA-CV 13-0442

FILED 7-30-2015

---

Appeal from the Superior Court in Yuma County
No. S1400CV201300035
The Honorable Lawrence C. Kenworthy, Judge

**VACATED AND REMANDED WITH INSTRUCTIONS**

---

COUNSEL

S. Alan Cook, P.C., Phoenix
By S. Alan Cook
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michael Raine
*Counsel for Respondent/Appellee AROC*

Chernoff Law Firm, P.C., Scottsdale
By Patricia A. Premeau
*Counsel for Respondent/Appellee Peterson*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Lawrence F. Winthrop joined.

---

**G E M M I L L**, Judge:

¶1   In an administrative proceeding, the Arizona Registrar of Contractors ("AROC") revoked the contractor's license of Bozrah Builders Incorporated ("Bozrah"). Bozrah appealed to superior court, seeking judicial review of the administrative decision. In superior court, AROC filed a motion to dismiss, in which Tamara Peterson joined. The superior court granted the motion and Bozrah now appeals to this court. We conclude that Bozrah has not waived its due process and lack of notice arguments, and we remand for further proceedings.

## BACKGROUND

¶2   On an appeal from a motion to dismiss, we accept the well-pled facts in the complaint as true. *Fidelity Sec. Life Ins. Co. v. Ariz. Dept. of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998). We construe the reasonable inferences from the well-pled facts in the light most favorable to the non-moving party. *See Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012). We also consider the entire record on review, which consists of all evidence properly received from the agency and before the superior court. *See Schmitz v. Ariz. Bd. of Dental Exam'rs*, 141 Ariz. 37, 40 (App. 1984); Ariz. Rev. Stat. ("A.R.S.") § 12-904(B) ("The record shall consist of . . . motions, memoranda or other documents submitted by the parties to the appeal."); *see also* A.R.S. § 12-909; ARPJRAD 5(a) (administrative agency certifies the record on review). We review de novo questions of law decided by the superior court. *Aldabbagh v. Ariz. Dep't of Liquor Licenses & Control,* 162 Ariz. 415, 417-18 (App. 1989).

¶3   Pktimus Maximus L.L.C. ("Pktimus") and Tamara Peterson entered into an agreement to acquire, renovate, and sell a single family residence located on Gardenia Street in Somerton, Arizona ("Gardenia home"). Jimmy Riley was the signing member for Pktimus in the agreement and he is also the sole shareholder of Bozrah.

¶4        Peterson filed a complaint with AROC against Bozrah – also listing Riley – regarding the Gardenia home. AROC issued a letter dated April 7, 2011, notifying Bozrah about the complaint. On April 22, 2011, Riley was present for AROC's jobsite inspection at the Gardenia home. At the inspection, Riley informed the AROC inspector that Bozrah Builders did not have a contract with Peterson and that the contract was between Pktimus and Peterson. The inspector asked Riley whether his "construction company did any work on this property" to which Riley reportedly responded that "his construction company was there to supervise the job." The inspector informed both parties that there was a "contract dispute and possible abandonment on beha[lf] of the respondent" and that any party could request a citation after ten days.

¶5        On May 2, 2011, Peterson requested a formal citation. The next day AROC issued a letter to Bozrah stating that a formal citation was requested and that Bozrah had a final opportunity to resolve the complaint before it would be sent to the AROC legal department for issuance of a formal citation and complaint.

¶6        A formal citation and complaint was issued on June 28, 2011, directing Bozrah to file a written answer in not more than 15 days. The citation and complaint also notified Bozrah that "failure to answer within 15 days shall be deemed an admission by you of the charges made by the complainant" and that AROC could "revoke or suspend" the contractor license "without any further proceedings."

¶7        The citation and complaint was sent by certified mail to Bozrah at the address listed on file with AROC. It appears the letter went "unclaimed" after three attempted deliveries. Riley, on behalf of Bozrah, claims the company was "in the office on all three of these days [and that] there was never an attempt to deliver any certified mail nor was there ever any notice of any kind left in Bozrah's USPS mailbox."

¶8        On August 31, 2011, AROC issued a decision and order ("Order") revoking Bozrah's contractor license. The Order found that the "Citation and Complaint herein were served on Respondent by certified mail, with postage prepaid, directed to the last address of record for Respondent [Bozrah] as shown in the license files of the Registrar, in accordance with A.R.S. § 32-1155." The Order also stated that Bozrah had not filed a written answer to the citation and complaint. In accordance with

A.R.S. § 32-1155(B),[1] AROC considered Bozrah's failure to answer as an admission to the charges contained in the citation and complaint. The Order by AROC also found that Bozrah had violated A.R.S. § 32-1154. Finally, the Order stated that the revocation of Bozrah's license would become final on October 10, 2011, and that Bozrah could file a request for a rehearing on or before October 5, 2011. Attached to the Order was a notice explaining that a party could request a rehearing on several grounds, including "[i]rregularity in the administrative proceedings . . . whereby the moving party was deprived of a fair hearing" or that "the decision is not justified by the evidence or is contrary to law."

¶9         On October 4, 2011, Bozrah, through Riley, filed a request for rehearing. Bozrah argued that "the decision is not justified by the evidence or is contrary to law." Bozrah denied it was the contractor of record on the Gardenia home project and therefore it was "impossible for Bozrah Builders Incorporated to be guilty of any of the allegations made in the Citation and Complaint." In the last paragraph, Bozrah stated it was having difficulty receiving mail in its complex and requested AROC to make contact by email, telephone, or fax.

¶10         AROC denied the request for rehearing on December 18, 2012, explaining that "there is no sufficient showing of any compelling legal or factual basis for the granting of any rehearing and for the further reason that the findings, conclusions and recommendations contained in the Registrar's August 31, 2011 Default Decision and Order are fully supported by the record."

¶11         In January 2013, Bozrah filed in superior court a "motion for stay; appeal of registrar of contractors denial of request for rehearing; and request for a hearing with the superior court," seeking judicial relief from AROC's administrative action. AROC filed a motion to dismiss and Peterson joined in the motion. Bozrah opposed the motion, arguing that it had been deprived of due process because it had not received the AROC citation and complaint and had not had the opportunity to defend against the allegations. After oral argument on the motion, the superior court decided that Bozrah had waived its due process and constitutional arguments by not asserting them before the administrative agency. The court also concluded that the efforts made by AROC to serve Bozrah were

---

[1] Section 32-1155(B) provides "[f]ailure of the licensee to answer within ten days after service shall be deemed an admission by the licensee of the licensee's commission of the act or acts charged in the complaint, and the registrar may then suspend or revoke the licensee's license."

sufficient under A.R.S. § 32-1155(A). The court therefore granted the motion to dismiss.

## ANALYSIS

**¶12** Bozrah argues that AROC's revocation of its contractor license violated its due process rights because it did not receive the citation and complaint and did not have notice of the formal administrative proceeding against its license.[2] Before addressing the merits of these arguments, we must first consider AROC's argument that Bozrah waived appellate review of these issues by not asserting them in its request for rehearing before the administrative agency.

### I. Waiver

**¶13** We initially note that "[a] valid waiver of constitutional rights must be voluntary, knowing, and intelligent." *Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 202 Ariz. 555, 558, ¶ 10 (App. 2002). Due process is a right secured under the Arizona and federal constitutions, and the "touchstone of due process under both . . . constitutions is fundamental fairness." Ariz. Const. art. 2, § 4; U.S. Const. amend. V; *State v. Melendez,* 172 Ariz. 68, 71 (1992). The key components of due process are notice and an opportunity to be heard. *See Huck v. Haralambie,* 122 Ariz. 63, 65 (1979).

**¶14** Although Bozrah did not specifically use the words "due process" or "notice" in its rehearing request, its statements cannot fairly be construed as a voluntary relinquishment of the right to notice. In the request Bozrah said: "Should you need additional information, PLEASE contact me via e-mail, telephone or facsimile at the contact number and e-mail address listed at the bottom of this letter. We have trouble receiving US mail in our complex." These statements, coupled with the return of the *unclaimed* certified letter to AROC, should have alerted the agency to a notice issue. Additionally, the fact that Bozrah, through Riley, had previously participated by attending the inspection, may support an

---

2 Bozrah also argues that A.R.S. § 32-1155(A) is unconstitutional because it allows a contractor license to be revoked without adequate notice. In light of our disposition of this appeal, we decline to address this issue at this time. *See Mountain States Tel. & Tel. Co. v. Ariz. Corp. Comm'n*, 160 Ariz. 350, 354 (1989) ("fundamental and long-standing principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them" (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 446 (1988))).

inference the Bozrah was not ignoring AROC. These facts support the conclusion that Bozrah did not voluntarily and knowingly waive the right to defend its license.

¶15    AROC contends that under *DeGroot v. Arizona Racing Commission*, 141 Ariz. 331, 340 (App. 1984), Bozrah is barred from raising the due process issue because Bozrah does not raise a valid jurisdictional argument. In *DeGroot*, this court explained that, generally, "failure to raise an issue before an administrative tribunal precludes judicial review of that issue on appeal *unless the issue is jurisdictional in nature*." *Id.* at 340 (emphasis added). Here, we conclude that Bozrah's due process argument – that it was not given adequate notice before its license was revoked – is sufficiently akin to an issue "jurisdictional in nature" that Bozrah has not waived the argument. *Id.* Moreover, notice is the linchpin of due process and a central feature of our system of jurisprudence. Consistent with due process and fundamental fairness, Bozrah is entitled an opportunity to be heard on whether it received legally sufficient notice before its license was placed in jeopardy. Additionally, "the waiver rule is procedural rather than jurisdictional, and we may forego application of the rule when justice requires." *Liristis v. Am. Family Mut. Ins. Co.*, 204 Ariz. 140, 143, ¶ 11 (App. 2002) (citation omitted). We should not be quick to reject, on waiver grounds, due process arguments regarding occupational licenses and other property rights. Accordingly, we conclude the superior court erred in deciding that Bozrah had waived its due process notice argument and we vacate the superior court's dismissal of Bozrah's complaint for judicial review.

## II. Sufficiency of the Notice

¶16    On review of an administrative agency's decision, the superior court determines whether the agency's action was arbitrary, capricious, or an abuse of discretion. *Webb*, 202 Ariz. at 557, ¶ 7. In this court's "review of the superior court's ruling upholding [an] administrative decision, we independently examine the record to determine whether the evidence supports the judgment." *Id.* Whether substantial evidence exists is a question of law for our independent determination. *See Havasu Heights Ranch & Dev. Corp. v. Desert Valley Wood Prods., Inc.*, 167 Ariz. 383, 387 (App. 1990).

¶17    AROC sent the citation and complaint to Bozrah by certified mail, return receipt requested, addressed to Bozrah's address on file with the agency. Bozrah does not argue that the address used was incorrect. Instead, Bozrah contends it did not receive the citation and complaint nor

the AROC Order.  Bozrah states it learned of the revocation from a surety company that had issued a bond for Bozrah.  Bozrah called AROC and informed an AROC representative that Bozrah never received the "complaint or notice of the hearing."  The AROC representative told Bozrah to request a rehearing and faxed the Order to Bozrah.

**¶18**        The certified record of the administrative proceedings before AROC contains a copy of the exterior of the envelope intended to transmit the citation and complaint to Bozrah.  The envelope bears the designations "CERTIFIED MAIL" and "RETURN RECEIPT REQUESTED" and a stamp indicating "UNCLAIMED."  Additionally, the "CERTIFIED MAIL RECEIPT" form is not filled out.   There are also handwritten notations that may indicate dates of attempted deliveries.

**¶19**        Section 32-1155(A) provides that the citation and complaint shall be served on the contractor by personal service or registered mail:

> Service of citation on the licensee shall be fully effected *by personal service or by mailing* a true copy thereof, together with a true copy of the complaint, *by registered mail* in a sealed envelope with postage prepaid and addressed to the licensee at the licensee's latest address of record in the registrar's office.

(Emphasis added.)  On the record before us, AROC complied with this statutorily prescribed procedure.[3]  Bozrah does not contend otherwise, but argues that due process requires something more than a record of an undelivered piece of certified mail.

**¶20**        The registered mail option under A.R.S. § 32-1155(A) is reasonably calculated to accomplish actual notice, thereby generally satisfying the requirements of due process. *See Jones v. Flowers*, 547 U.S. 220, 226, (2006) (deeming "notice constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent"); *Dusenbery v. United States*, 534 U.S. 161, 168-69 (2006) (holding that the FBI's system of sending certified mail to an inmate to notify him of a property forfeiture action was reasonably calculated, under the circumstances, to apprise him of the

---

[3]  The statute permits service by registered mail but does not mention certified mail.  AROC apparently utilized certified mail.  Bozrah does not assert that AROC failed to comply with the statute by using certified rather than registered mail.  We therefore do not address this potential issue.

pendency of an action)); *see also In re U.S. Currency in the Amount of $2,390*, 229 Ariz. 514, 518, ¶¶ 11-12 (App. 2012); *Ariz. Osteopathic Med. Ass'n v. Fridena*, 105 Ariz. 291, 293 (1970). Under the specific circumstances here, however, due process may require more notice than what the statute mandates.

**¶21** *Jones* explained that the notice requirement could vary depending on the "circumstances and conditions." 547 U.S. at 227 (quoting *Walker v. City of Hutchinson,* 352 U.S. 112, 115, (1956)). In both *Jones* and this court's opinion in *In re Estate of Snure*, the constitutionally sufficient procedure used to give notice was determined to be deficient when the notice was returned to the sender unclaimed. *See Jones*, 547 U.S. at 226; *In re Estate of Snure*, 234 Ariz. 203, 205, ¶ 10 (App. 2014). *Jones* and *Snure* explained that the "means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Snure*, 234 Ariz. at 205, ¶ 8 (quoting *Jones*, 547 U.S. at 229). In *Snure,* the notice was sent by certified mail and returned unopened to the estate. 234 Ariz. at 205, ¶ 10. The court held this was constitutionally insufficient because the returned mail alerted the estate there was no actual notice and because the estate had other reasonable options for notification. *Id.* at 205-06, ¶ 10. Similarly, when an administrative agency learns that the crucial letter, sent by registered or certified mail, has been returned unclaimed, due process may require a reasonable further effort to communicate the pertinent information to the addressee. *See Snure*, 234 Ariz. at 205, ¶ 10; *see also Jones*, 547 U.S. at 225 (holding that "when mailed notice of a tax sale is returned unclaimed," the state must take additional reasonable steps to provide notice).

**¶22** Similar to the estate in *Snure*, it appears AROC learned that the envelope sending the citation and complaint to Bozrah was returned to AROC, without delivery to Bozrah. And AROC knew that Bozrah had participated previously by attending the inspection. Depending on additional facts to be determined and evaluated, due process *may* have required AROC to do something more at that point, such as employing personal service or mailing by regular mail. *See Jones*, 547 U.S. at 235 ("Following up with regular mail might also increase the chances of actual notice."); *Snure*, 234 Ariz. at 205-06, ¶ 10 ("[T]he estate had other reasonable options for notifying [the intended recipient], including sending the notice by regular mail."); *Amount of $2,390*, 229 Ariz. at 518, ¶ 12 ("In the absence of any other knowledge of [the claimant's] whereabouts, the state satisfied the *Jones* standard by sending notice of forfeiture by regular mail—in addition to the certified mailing that ultimately was returned unclaimed—to [the claimant's] second address of record.").

¶23      Based on the record before this court, we conclude that additional fact-finding needs to be undertaken to determine the facts and make legal conclusions regarding whether AROC provided constitutionally sufficient notice and an opportunity to be heard to Bozrah before revoking its contractor license. We remand this matter to the superior court, which may, in its discretion, proceed with fact-finding or remand to AROC to provide it the opportunity to make a determination of the facts regarding notice and due process. *See First Am. Title Ins. Co. v. Calhoun,* 13 N.E.3d 423, 436 (Ind. Ct. App. 2014) (concluding that because a review of the constitutional sufficiency of notice is a fact-intensive process, it requires consideration of every relevant fact); *see also* A.R.S. § 12-910(A).

¶24      The following questions of fact may bear on the due process determination:

- Did Bozrah receive the April 17, 2011 letter from AROC, presumably sent by regular mail?

- Did Bozrah receive a letter from AROC in May 2011?

- What correspondence did Bozrah receive from AROC, prior to the certified mailing of the citation and complaint?

- Did Riley, on behalf of Bozrah, understand from the on-site inspection at the Gardenia home on April 22, 2011, attended by Riley, Peterson, and a representative of AROC, that AROC considered Peterson's complaint to be directed against Bozrah and no other contractor?

- Were three attempts made by the postal service to deliver the certified letter, and if so, on what dates?

- Did the postal service leave a notification of some sort in the mailbox, indicating the attempted deliveries?

- Was an employee of Bozrah in the office on the days of any attempted deliveries?

- Was Bozrah experiencing difficulty receiving mail during the relevant time period?

- Did Bozrah deliberately avoid accepting the certified letter?

- Did AROC know the letter had not been delivered?

- When did AROC know the letter had not been delivered?

- Did AROC take any further action to notify Bozrah of the formal administrative proceeding against its license?

This list of questions is not exhaustive and some of these facts may not ultimately be relevant. The parties may advocate and the superior court or AROC may decide that other facts are pertinent to the resolution of Bozrah's due process argument.

## COSTS ON APPEAL

¶25        Bozrah requests its costs on appeal in accordance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21 and A.R.S. § 32-1157(D). As the prevailing party here, Bozrah is awarded its taxable costs under A.R.S § 32-1157(D) upon its compliance with ARCAP 21.

## CONCLUSION

¶26        We remand this matter to the superior court to determine, in its discretion, the appropriate venue — superior court or administrative hearing — for fact-finding and legal conclusions. If it is determined that Bozrah did not have legally sufficient notice of the proceeding against its contractor license, then Bozrah is entitled to fully defend its license on the merits. If it is determined that Bozrah did receive constitutionally sufficient notice of the action against its license, then the AROC determination may be affirmed.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : RT