NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE MH 2013-004303

No. 1 CA-MH 16-0028
FILED 2-2-2017

Appeal from the Superior Court in Maricopa County
No.  MH 2013-004303
The Honorable Edward W. Bassett, Judge

**AFFIRMED**

COUNSEL

Steven Wiggs PC, Gilbert
By Steven P. Wiggs
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Anne H. Phillips
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Chief Judge Michael J. Brown joined.

**D O W N I E**, Judge:

**¶1**         C.L. ("Appellant") appeals an order continuing his involuntary mental health treatment.   For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Appellant was the subject of petitions filed in 2013 for court-ordered mental health evaluation and treatment.   Appellant has been diagnosed with schizophrenia, and the 2013 petitions alleged he was not taking prescribed medications and was sending threatening e-mails.   In December 2013, the superior court found Appellant persistently or acutely disabled and ordered him to participate in combined inpatient and outpatient treatment for a period not to exceed 365 days.

**¶3**         In November 2014, Appellant's outpatient treatment provider filed an application for continued treatment.  The superior court granted that application, ordering Appellant to participate in mental health treatment for a period not to exceed an additional year.

**¶4**         At issue in these proceedings is the treatment provider's November 2015 application for continued treatment.   That application alleged that Appellant "continue[s] to display lack of engagement and lack [of] adherence to treatment, paranoia, grandiose delusions, agitation, irritability, verbal aggression, and vague threats towards the clinical team."   The superior court appointed counsel for Appellant, who requested a hearing on the application for continued treatment pursuant to A.R.S. § 36-543(G).

**¶5**         After numerous continuances and unsuccessful attempts to gain Appellant's presence, the superior court held an evidentiary hearing on March 4, 2016 and concluded that Appellant had received notice of the proceedings and had knowingly and intelligently waived his right to appear.[1]  The court continued the hearing on the application for continued

---

[1]      While the 2015 application for continued treatment was pending, the treatment provider petitioned the court to return Appellant to inpatient treatment, stating, in pertinent part:

treatment to March 15, 2016, stating that it would proceed in Appellant's absence if he failed to appear on that date.

¶6          Appellant did not appear on March 15, and the hearing proceeded with his attorney's participation. At the conclusion of the hearing, the court issued an order continuing Appellant's mental health treatment for a period not to exceed 365 days.

¶7          Appellant timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A), -2101(A)(10) and 36-546.01.

## DISCUSSION

¶8          Appellant does not deny receiving e-mail notification of the application for continued treatment and associated court hearings. And his court-appointed counsel in the superior court conceded that he personally received appropriate notices, though he could not make

[Appellant] no showed his COT court hearings on 12/22/15, 1/5/16, 1/12/16, 1/19/16, 1/26/16 and 2/2/16 despite responding to e-mail notices regarding these hearings and offered transportation. [Appellant] also no showed his RN appointment on 1/5/16 for his injection and continues to refuse to engage with the Clinical Team regarding this medication. [Appellant] e-mailed the Clinical Team prior to this RN appointment stating he was not willing to continue to receive his injection though [he] was open to taking oral medications. [Appellant] was informed that he would need to discuss his medical concerns with the prescriber and provided a time on 1/7/16. [Appellant] e-mailed on 1/7/16 stated that he felt he was clear in his previous e-mail and to "finish what you started." . . . The Clinical Team e-mailed [Appellant] regarding his court hearing on 2/2/16 and [Appellant] responded with 3 e-mails where he reports injustice, denies any mental illness and threatens the Clinical Team to "Enforce the laws honestly or I will." [Appellant] was again e-mailed on 2/12/16 indicating his rescheduled court date for 3/4/16 and Clinical Team requested a read receipt that indicates he accessed the e-mail on 2/12/16.

contact with his client.[2] Appellant's position on appeal is that giving him notice of the proceedings by e-mail violated his due process rights. We review constitutional claims *de novo*. *In re Estate of Snure*, 234 Ariz. 203, 204, ¶ 5 (App. 2014).

¶9        As a threshold matter, we reject Appellant's suggestion he should have received notice in the same manner prescribed by A.R.S. § 36-536. That statute applies to hearings on initial petitions for court-ordered treatment and provides, in pertinent part:

> At least seventy-two hours before the court conducts the hearing on the petition for court-ordered treatment, a copy of the petition, affidavits in support of the petition and the notice of the hearing shall be served on the patient, who shall be informed of the purpose of the hearing and advised of the patient's right to consult counsel.

A.R.S. § 36-536(A).

¶10       Applications for continued court-ordered treatment are a continuation of existing mental health proceedings and are governed by A.R.S. § 36-543. Although that statute specifies numerous procedural and substantive requirements, it does not address service. A.R.S. § 36-536(A) demonstrates that the legislature knows how to mandate a specific manner of service for mental health proceedings when it wishes to do so.

¶11       The question thus becomes whether Appellant was deprived of due process because he was given notice of the proceedings by e-mail, rather than by some other form of communication. "The type of notice that due process requires is that which is reasonably calculated under all of the circumstances to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 108, ¶ 28 (App. 1999). In evaluating "the specific dictates of due process," *In re MH-2008-000867*, 225 Ariz. 178, 181 (2010), courts also consider the following factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such

---

[2]       The record includes e-mails from the clinical team to Appellant asking him to contact his attorney and providing the lawyer's e-mail address and telephone number.

interest through the procedures used, and the probative value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. (quoting *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

**¶12** At issue here is Appellant's liberty interest in being free of government-imposed mental health treatment. *See Vitek v. Jones*, 445 U.S. 480, 491 (1980) ("We have recognized that for the ordinary citizen, commitment to a mental hospital produces 'a massive curtailment of liberty.'"). In assessing the risk of "an erroneous deprivation" of that interest "through the procedures used," it is well-established that due process "is not a static concept; it must account for 'the practicalities and peculiarities of the case.'" *Comeau*, 196 Ariz. at 107, ¶ 20 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). In other words, assessing the adequacy of procedural due process is an individualized inquiry based on the facts and circumstances of a given case. *See, e.g.*, *Comeau*, 196 Ariz. at 107, ¶ 23 ("We hold that the investigative interview in this case satisfied the requirements of procedural due process.").

**¶13** At the March 4 hearing, the treatment provider's clinical director testified that e-mail is Appellant's preferred mode of communication and that Appellant advised e-mail is "how he wanted to communicate." The record includes numerous e-mail messages from clinical staff to Appellant with details about the court proceedings and hearings. Appellant responded to some of these messages and maintained the same subject heading as the original message — "NOTICE OF HEARING" — on at least one such response. The clinical team offered to arrange transportation to court for Appellant. Even when Appellant did not respond to a particular message from the clinical team, the sender received notification that the e-mail had been opened.

**¶14** E-mail notification will not be appropriate in all cases, especially considering the minimal burden entailed in providing notice by more established means, such as regular mail. Nonetheless, the record in this case establishes that communicating with Appellant by e-mail was reasonably calculated to give him notice and an opportunity to be heard. And as noted *supra*, Appellant has not claimed he did not in fact receive the e-mail communications. Taking into account the "practicalities and

peculiarities of the case," *Mullane*, 339 U.S. at 314, we conclude Appellant has not established a due process violation.

**¶15**        Appellant also challenges the superior court's determination that he "knowingly and intelligently waived his right to appear." A party may waive his or her presence at a hearing conducted pursuant to A.R.S. § 36-543(G) if the waiver is knowing and intelligent. *See In re MH 2006-000749*, 214 Ariz. 318, 319, ¶ 1 (App. 2007). Whether a party has waived his or her right to appear is a question of fact. *See, e.g.*, *State v. Bishop*, 139 Ariz. 567, 569 (1984) ("The finding of voluntary absence, and, therefore, the existence of a waiver of the right to be present, is basically a question of fact."). "We will affirm the trial court's findings of fact unless they are clearly erroneous or unsupported by substantial evidence." *In re MH 2006-000749*, 214 Ariz. at 321, ¶ 13.

**¶16**        The record supports the finding that Appellant had the capacity to knowingly and intelligently waive his appearance and that he in fact did so. The clinical director testified that Appellant understands the current proceedings, that he has no "thought disorder that prevents him from understanding or being aware of what his rights are," and that he is "avoiding these proceedings in order to avoid a continuation of a court order." The psychiatrist who evaluated Appellant in connection with the 2015 application testified that Appellant is "very bright" and appears "to understand court-ordered treatment fairly well." In opining that Appellant's "understanding is very clear" of matters other than his own mental illness and need for treatment, the psychiatrist explained:

> [H]is understanding of the reality of what it means to be in court-ordered treatment, I think even what it means to be here today, or not be here today, I think he would totally understand that. I think if I were to say to him, you know, the way to not continue court-ordered treatment is to not show up, he would totally understand that.

The psychiatrist testified that Appellant was willfully failing to appear in court "to avoid another court order."

**¶17**        Although Appellant presented a psychiatrist who testified he "has no insight into getting treatment and declining coming here for the hearing," that individual did not examine Appellant, and the superior court found her testimony less credible than that of the other witnesses. The "credibility of a witness is for the trier-of-fact, not an appellate court." *State v. Gallagher*, 169 Ariz. 202, 203 (App. 1991).

**¶18**       The record supports the determination that Appellant had the capacity to knowingly and intelligently waive his presence at hearings regarding the 2015 application for continued treatment and that he in fact did so.

## CONCLUSION

**¶19**       For the foregoing reasons, we affirm the judgment of the superior court.



AMY M. WOOD • Clerk of the Court
FILED:  AA