NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA DEPARTMENT OF REVENUE, *Plaintiff/Appellee*,

*v.*

MICHAEL HOUSE, et al., *Defendants/Appellants*.

Nos. 1 CA-TX 16-0010
1 CA-TX 16-0014
(Consolidated)
FILED 11-21-2017

Appeal from the Superior Court in Maricopa County
No. TX2014-000490
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Penny Taylor Moore, Kathleen P. Sweeney
*Counsel for Plaintiff/Appellee*

Woolston & Tarter, P.C., Phoenix
By Kacie N. Dillon
*Counsel for Defendants/Appellants*

## MEMORANDUM DECISION

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

**¶1**　　　　Michael and Samantha House appeal the tax court's summary judgment in favor of the Arizona Department of Revenue ("the Department"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**　　　　Mr. House was the president and owner of FOIS Enterprises ("FOIS"), a business that sold tobacco products. The Department audited FOIS for the period from August 2003 through April 2004 and determined that FOIS owed more than $600,000 in luxury tax. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 42-1108, -3051, -3052.[1] The Department sent a notice of assessment to Mr. House's attention, stating that the assessment would "become FINAL FORTY-FIVE DAYS from the date of RECEIPT, UNLESS AN APPEAL IS FILED in accordance with A.R.S. [§] 42-1251." Mr. House received the notice on October 7, 2004. Accordingly, the appeal deadline was November 22, 2004.[2]

**¶3**　　　　Mr. House signed a notice of protest, dated November 12, 2004, requesting a conference with the Department. The Department, however, did not stamp the protest "received" until Wednesday, December

---

[1]　　　We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the relevant time of the tax.

[2]　　　Adding forty-five days to October 7, 2004, results in a deadline of November 21, 2004, which was a Sunday. Therefore, the deadline was Monday, November 22, 2004. *See* A.A.C. R15-10-101(2) ("If the last day for filing a document . . . falls on a Saturday, Sunday, or legal holiday, the document is considered timely if filed on the following business day.").

1, 2004.  The parties agree the postmark on the envelope containing Mr. House's protest is not legible.

**¶4**         Thereafter, the Department sent Mr. House a letter, dated December 10, 2004, stating his protest was untimely and providing him an opportunity to contest the untimeliness determination.  Mr. House did not respond.

**¶5**         Approximately ten years later, the Department filed a collection action in tax court against Mr. House (doing business as FOIS), and his wife.[3]  After the Houses answered, the Department filed a motion for summary judgment against Mr. House, asserting he waived his right to challenge the assessment by failing to file a timely administrative appeal. The tax court granted the Department's motion and entered judgment against Mr. House pursuant to Arizona Rule of Civil Procedure ("Rule") 54(b).  Mr. House timely appealed.

**¶6**         Meanwhile, the Department also moved for summary judgment against Mrs. House to establish community-property liability under A.R.S. § 25-215(B).  The tax court granted the motion and entered judgment against Mrs. House, who also timely appealed.

**¶7**         This court consolidated the two appeals.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## ANALYSIS

**¶8**         We review *de novo* the tax court's grant of summary judgment. *SolarCity Corp. v. Ariz. Dep't of Revenue*, 242 Ariz. 395, 402, ¶ 20 (App. 2017). Summary judgment is appropriate "if the evidence presented by the party opposing the motion contains so little probative value, given the required burden of proof, that reasonable people could not agree with that party's conclusions."  *United Dairymen of Ariz. v. Schugg*, 212 Ariz. 133, 140, ¶ 26 (App. 2006) (citing *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990)).

*I.        Failure to Exhaust Administrative Remedies*

**¶9**         The Houses argue the tax court improperly granted summary judgment against Mr. House because "a factual dispute exists as to whether an administrative protest was timely filed in accordance with A.R.S. § 42-

---

[3]        Mr. and Mrs. House married in 2013.

1251." Our analysis begins with the language of § 42-1251, which establishes the procedure for protesting a notice of proposed assessment.

¶10 Pursuant to A.R.S. § 42-1251(A), a taxpayer has forty-five days from receipt of a notice to file a written petition with the Department requesting a hearing, correction, or redetermination. Subsection (B) of § 42-1251 explains the consequences of a taxpayer's failure to timely appeal:

> If the taxpayer does not file a petition for hearing, correction or redetermination within the period provided by this section, the amount determined to be due becomes final at the expiration of the period. The taxpayer is deemed to have waived and abandoned the right to question the amount determined to be due, unless the taxpayer pays the total deficiency assessment, including interest and penalties. The taxpayer may then file a claim for refund pursuant to § 42-1118 within six months of payment of the deficiency assessment or within the time limits prescribed by § 42-1106, whichever period expires later.[4]

¶11 The right to appeal from a notice of proposed assessment is limited by the terms of § 42-1251. As this court has previously held, a taxpayer must exhaust his or her administrative remedies as a prerequisite to seeking judicial relief from an assessment. *See Moulton v. Napolitano*, 205 Ariz. 506, 512, ¶ 14 (App. 2003) ("[T]ax matters must be exhausted within [the Department] before being brought in superior court."); *Hamilton v. State*, 186 Ariz. 590, 593 (App. 1996) ("A party's failure to exhaust administrative remedies deprives the superior court of authority to hear the party's claim."). In *Estate of Bohn v. Waddell*, 174 Ariz. 239 (App. 1992), this court applied former A.R.S. § 42-122, the direct predecessor of § 42-1251, and explained that "if parties have statutory recourse to an administrative agency that has authority to grant appropriate remedies, they must scrupulously follow the statutory procedures." *Id.* at 245.

¶12 Here, the Department filed a motion for summary judgment, asserting that Mr. House waived his right to protest the assessment by failing to file a timely petition with the Department pursuant to § 42-1251. In support of its motion, the Department provided an affidavit from a Department administrator and attached (1) a copy of Mr. House's protest stamped "received" on December 1, 2004, and (2) a copy of a letter sent by

---

4 A taxpayer also has a right to request "an extension of time to file a petition." A.A.C. R15-10-107(D).

the Department to Mr. House dated December 10, 2004, which stated his protest was untimely and provided him an opportunity to challenge the untimeliness determination. Although the postmark on the envelope containing Mr. House's protest is not legible, the record reflects the Department did not stamp the protest "received" until nine calendar days and six business days after the deadline.[5]

**¶13** In responding to the Department's motion, Mr. House argued that "material questions of fact exist regarding whether the underlying liability is correct and is owed." He prepared an affidavit explaining that although he authorized the use of his social security number to establish FOIS, he "did not control or operate" the business. He further avowed that (1) initially, he was "not aware or involved in the audit," (2) he did not prepare the protest, (3) he did not recall signing the protest, and (4) he did not recall receiving the December 10, 2004 letter. Notably absent from Mr. House's response is any assertion or evidence that the protest was timely mailed in accordance with § 42-1251.

**¶14** At oral argument on the Department's motion for summary judgment, the tax court asked counsel for the Houses what evidence she had to establish timeliness. Counsel responded by referencing (1) the date on the protest form of November 12, 2004, and (2) the fact that Thanksgiving fell between the appeal deadline and the date on which the Department stamped the protest as "received."[6] *See* 31A C.J.S. *Evidence* § 237 ("The date of a letter authorizes no inference or presumption that it has been mailed on that day . . . ."); *Marvin Lieblein, Inc. v. Shewry*, 40 Cal. Rptr. 3rd 547, 554 (Cal. Ct. App. 2006) ("[T]here is no presumption that a letter is mailed on the day it is dated."); *Madewell v. Salvation Army*, 620 P.2d 953, 955 (Or. Ct. App. 1980) ("[T]here is no presumption that a letter is mailed on the day it is dated or on the day it was written.").

**¶15** To defeat a motion for summary judgment, "the non-moving party must call the court's attention to evidence overlooked or ignored by the moving party or must explain why the motion should otherwise be denied." *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 119, ¶ 26 (App. 2008).

---

[5] Under federal Treasury Regulations, "[i]f the postmark on the envelope is made by the U.S. Postal Service but is not legible, the person who is required to file the document . . . has the burden of proving the date that the postmark was made." 26 C.F.R. § 301.7502-1(c)(iii).

[6] In 2004, Thanksgiving fell on November 25.

Before responding to the motion, the non-moving party has the opportunity to request "a continuance for discovery under Rule 56(f)"[7] in order to gather evidence to oppose the motion.[8] *Id.*

**¶16** Here, the Department produced evidence indicating Mr. House's protest was untimely. Although the Department's motion incorrectly argued the protest had been *postmarked* on December 1, the fact that the Department marked the protest as *received* on December 1 is some evidence the protest was not mailed until after the November 22 deadline. In response, Mr. House did not produce competent evidence controverting the Department's showing of untimeliness; nor did he request a Rule 56(d) continuance to allow him additional time to gather such evidence.[9] Accordingly, the tax court properly entered summary judgment in favor of the Department, concluding that Mr. House failed to exhaust the administrative remedies set forth in § 42-1251.

> *II.    The Houses' Alternative Arguments in Favor of Jurisdiction*

**¶17** The Houses alternatively argue that "[e]ven if the Superior Court is correct in finding Mr. House did not timely protest the audit

---

[7] In 2013, subdivision (f) of Rule 56 was moved to subdivision (d), to conform to the federal rule's structure. *See* Ariz. R. Civ. P. 56 cmt.

[8] For example, Mr. House could have obtained an affidavit from the individuals he claims handled the audit for FOIS, providing an avowal as to the date of mailing of the protest, or he could have deposed a Department representative to explain the Department's internal mail policies. He did neither.

[9] In *Thruston*, this court explained,

> In Arizona, a summary judgment motion sets in play shifting burdens. Initially, a party moving for summary judgment has the burden of showing there are no genuine issues of material fact and it is entitled to summary judgment as a matter of law. Only if the moving party satisfies this burden will the party opposing the motion be required to come forward with evidence establishing the existence of a genuine issue of material fact that must be resolved at trial.

218 Ariz. at 114–15, ¶ 12.

assessment, he is not precluded from later contesting the audit assessment."[10] They suggest three alternative arguments for why the tax court had jurisdiction to review the merits of the assessment.

### A. The Language of § 42-1251

**¶18** The Houses argue the use of the term "deemed" in § 42-1251(B) "evidences the statute was not written to conclusively preclude a taxpayer from later disputing an audit determination after assessment." When a taxpayer fails to file an administrative appeal from a deficiency assessment, the assessment becomes final as a matter of law. *See* A.R.S. §§ 42-1108(B), -1251(B). In *Waddell*, this court held that if parties "fail to fully utilize all their administrative remedies, the superior court lacks jurisdiction to consider their claim." 174 Ariz. at 245-46 (citations omitted). Contrary to the Houses' argument, a taxpayer's failure to comply with § 42-1251 precludes the taxpayer from later challenging the assessment in tax court.

### B. Refund Claim

**¶19** The Houses next argue Mr. House could have paid "the total deficiency assessment, including interest and penalties," and then filed a refund claim "pursuant to § 42-1118 within six months of payment of the deficiency assessment or within the time limits prescribed by § 42-1106, whichever period expires later." A.R.S. § 42-1251(B). However, Mr. House has never paid the deficiency assessment. Therefore, no statutory right to file a refund claim exists.

### C. Contradictory Evidence

**¶20** The Houses also argue they can present "contradictory evidence" to prevent a judgment against them pursuant to A.R.S. § 42-1114. Section 42-1114 authorizes the Department to bring an action to collect unpaid taxes within ten years from a final assessment. *See* A.R.S. § 42-1114(A), (C). This statute must be read in conjunction with § 42-1251. *See Pinal Vista Props., L.L.C. v. Turnbull*, 208 Ariz. 188, 190, ¶ 10 (App. 2004) (holding that statutes relating to the same subject or having the same

---

[10] The Houses argue the tax court had "original jurisdiction" over the case pursuant to Article 6, Section 14(2), of the Arizona Constitution. As we explained in *Waddell*, this constitutional provision "neither expressly nor impliedly prevents the legislature from conditioning the exercise of the superior court's jurisdiction on the taxpayers' exhausting available administrative remedies." 174 Ariz. at 246 (citations omitted).

general purpose should be read together (citations omitted)). Reading these two statutes together, we conclude that if a taxpayer fails to exhaust the administrative remedies under § 42-1251, the taxpayer cannot later challenge the merits of the assessment in a collection proceeding brought under § 42-1114. To interpret § 42-1114 otherwise would render meaningless the appeal procedure set forth in § 42-1251. *See Estate of Hernandez v. Ariz. Bd. of Regents*, 177 Ariz. 244, 249 (1994) (explaining that courts should interpret statutes "in a way that harmonizes them and gives rational meaning to both").[11] Accordingly, the tax court properly entered summary judgment against Mr. House, finding him liable for the tax assessment because he failed to file a timely appeal as required by § 42-1251.[12]

### III.    *Community Liability*

**¶21**        The Houses separately argue Mrs. House should not be precluded from contesting the audit assessment. Relying on this court's decision in *Flexmaster Aluminum Awning Co. v. Hirschberg*, 173 Ariz. 83 (App. 1992), they argue Mrs. House has the right to litigate both the premarital debt and the value of Mr. House's contribution to the community that may be subject to the debt. Although we agree with this statement, we conclude Mrs. House has had this opportunity.

**¶22**        The community property of a married couple is liable for premarital debts "to the extent of the value of that [debtor] spouse's contribution to the community property which would have been such [debtor] spouse's separate property if single." A.R.S. § 25-215(B). In *Flexmaster*, this court held that a "wife is a necessary party to a suit to establish limited liability of the community for the husband's premarital debt." *Id.* at 85. The court reasoned that "the wife's joint interest in the community necessarily includes the right to litigate both the premarital debt and the value of the husband's contribution to the community that may be subject to the premarital debt." *Id.* at 87. In *CBM of Arizona, Inc. v.*

---

[11]    In their reply brief, the Houses argue the Department failed to comply with A.R.S. § 42-1108. Because this issue was not raised before, we decline to consider it. *See United Bank of Ariz. v. Mesa N. O. Nelson Co.*, 121 Ariz. 438, 443 (1979) (refusing to consider an issue raised for the first time in the appellant's reply brief).

[12]    Our decision is based on Mr. House's failure to exhaust administrative remedies, not on the doctrines of res judicata or collateral estoppel.

*Sevier*, 184 Ariz. 503 (App. 1996), we clarified that the right to litigate the debt "includes the right to raise any defenses the debtor spouse may have to payment." *Id.* at 505.

¶23 Here, the Department properly joined Mrs. House to establish the community's limited liability for the tax assessment. Because she was a party to the lawsuit, Mrs. House had the right to litigate the premarital debt. She had the opportunity to controvert the Department's contention that she and her husband were barred from challenging the assessment by her husband's failure to exhaust his administrative remedies. Mrs. House, however, did not offer evidence contradicting the Department's showing that Mr. House's appeal was untimely.

¶24 In responding to the motion for summary judgment, Mrs. House argued "the administrative determinations reached by the [Department] with regard to Mr. House do not apply to Mrs. House because she was not a party" to the administrative appeal process, and she was "an unmarried minor at the time." Although our holding in *Flexmaster* grants Mrs. House the right to litigate the premarital debt incurred by her husband, it does not permit her to escape the consequences of his failure to exhaust administrative remedies or to circumvent the requirements of § 42-1251. Accordingly, the tax court properly entered summary judgment against Mrs. House as well.

*IV. Due Process*

¶25 Finally, the Houses argue that "[a] judgment here without determining the correctness of the audit assessment violates Mr. and Mrs. Houses' constitutional right to due process of law." (Emphasis omitted.) We review *de novo* this constitutional issue. *In re Estate of Snure*, 234 Ariz. 203, 204, ¶ 5 (App. 2014).

¶26 "Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Huck v. Haralambie*, 122 Ariz. 63, 65 (1979). If a party is given an opportunity to be heard but chooses not to exercise that right, he or she "cannot later plead a denial of procedural due process." *Watahomigie v. Ariz. Bd. of Water Quality Appeals*, 181 Ariz. 20, 27 (App. 1994) (citations omitted).

¶27 Here, Mr. House had notice of the assessment and was given an opportunity to file an appeal pursuant to § 42-1251. Thereafter, he was given an opportunity to challenge the Department's untimeliness determination. The Houses were then permitted an opportunity in tax court to respond to the Department's motions for summary judgment by

offering competent evidence that the protest was timely.  They did not avail themselves of these opportunities.  Accordingly, their due process rights were not violated.

## CONCLUSION

**¶28**        For the foregoing reasons, we affirm the judgment of the tax court.  We award the Department its costs on appeal subject to compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA